UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERYLE R. PORTER,   Case No. 14-12070

    Plaintiff,   Hon. John Corbett O'Meara

v.

MADISON TOWER 1, *et al.*,

    Defendants.

_____/

## ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT

Plaintiff Sheryle R. Porter filed a complaint and application to proceed without prepayment of fees May 23, 2014.  The court finds Plaintiff's application to proceed *in forma pauperis* to be facially sufficient and, therefore, grants Plaintiff's motion to proceed without prepayment of fees.  See 28 U.S.C. § 1915(a)(1); Gibson v. R.G. Smith Co., 915 F.2d 260, 262 (6th Cir. 1990).

Once a court grants a plaintiff permission to proceed *in forma pauperis*, it must review the complaint under § 1915(e)(2).  The court "shall dismiss" the case if the court finds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B).

The dismissal standard under § 1915(e)(2) is the same as Fed. R. Civ. P. 12(b)(6).  Hill v. Lappin, 630 F.3d 468, 470-71 (2010); Davis v. Prison Health Serv., 679 F.3d 433, 437 (6th Cir. 2012).  Further, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Hill, 630 F.3d at 471, citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "[P]leadings that . . . are no more than conclusions[ ] are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679.  "Pro se litigants . . . are not exempt from the requirements of the Federal Rules of Civil Procedure." Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989).

In the current matter, Plaintiff's complaint fails to state a claim on which relief can be granted within the meaning of § 1915(e)(2)(B)(ii).  To the extent the court understands the complaint, it appears that Plaintiff is suing her landlord for a toe infection related to a toilet that leaked onto her carpet.  Plaintiff also appears to complain that the landlord's insurance company did not pay her claim.  The court does not discern a basis for federal question or diversity jurisdiction here.  See 28 U.S.C. §§ 1331, 1332.  The fact that Plaintiff may receive Section 8 federal housing assistance does not change this conclusion. See Gladley v. Sureluck Homes LLC, 2013 WL 2182797, at *3 (W.D. Mich. May 20, 2013); Johnson v.

2

City of Detroit, 446 F.3d 614, 625-27 (6th Cir. 2006). To the extent Plaintiff has a claim, it arises under state law and must be brought in state court.

Therefore, it is hereby **ORDERED** that Plaintiff's complaint is **DISMISSED**.

Date: July 14, 2014                         s/John Corbett O'Meara
                                            United States District Judge

I hereby certify that on July 14, 2014 a copy of this order was served upon the parties of record using first-class U.S. mail.

                                            s/William Barkholz
                                            Case Manager