UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERYLE R. PORTER,

      Plaintiff,

                                  Case No. 14-12070

v.

                                  Hon. John Corbett O'Meara

MADISON TOWER I, *et al.,*

      Defendants.

_____/

**<u>ORDER DENYING MOTION FOR RECONSIDERATION</u>**

On May 23, 2014, Plaintiff filed her complaint.  The court dismissed the complaint on July 14, 2014, because Plaintiff failed to state a claim upon which relief could be granted and because the court did not discern a basis for federal subject matter jurisdiction.  On July 25, 2014, Plaintiff filed an amended complaint and a motion for a new trial, which the court will construe as a motion for reconsideration.

The standard for granting a motion for reconsideration is as follows:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant shall not only demonstrate a palpable defect by which the court and the parties have

been misled but also show that correcting the defect will
result in a different disposition of the case.

LR 7.1(h)(3).  Here, Plaintiff has failed to demonstrate a "palpable defect" in the

court's decision to dismiss her complaint.  Although Plaintiff lists several

defendants and several legal theories, she does not allege facts sufficient to state a

federal claim.  Under Fed. R. Civ. P. 8(a)(2), a complaint must contain "a short and

plain statement of the claim showing that the pleader is entitled to relief."

Although this standard does not require "detailed factual allegations," it does

require more than "labels and conclusions" or "an unadorned, the-defendant-

unlawfully-harmed-me accusation." Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

555 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

At most, the factual allegations in Plaintiff's complaint and her amended

complaint suggest a dispute with her landlord.  This does not implicate the U.S.

Constitution or federal law, even though Plaintiff receives Section 8 federal

housing assistance. See Gladley v. Sureluck Homes, LLC, 2013 WL 2182797

(W.D. Mich. May 20, 2103) ("The federal courts of appeals and district courts that

have addressed this issue unanimously hold that there is no implied private right of

action under Section 8.").  Based upon the facts alleged by Plaintiff, the court

discerns no federal claim or other basis for federal jurisdiction.

IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration is

DENIED.

s/John Corbett O'Meara
United States District Judge

Date:  August 4, 2014

I hereby certify that a copy of the foregoing document was served upon the
parties of record on this date, August 4, 2014, using the ECF system and/or
ordinary mail.

s/William Barkholz
Case Manager

-3-